

FILED

MAY 0 1 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

HOWARD L. HILL, II, )
)
Petitioner, )
)
v. ) Civil Action No.: 19-cv-00611 (UNA)
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of petitioner's *pro se* petition ("Pet.") for habeas corpus relief pursuant to 28 U.S.C. § 2254 and application for leave to proceed *in forma pauperis*. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction.

Petitioner is a prisoner incarcerated at the United States Penitentiary in Florence, Colorado. He was convicted and sentenced in the District of Columbia Superior Court. *See District of Columbia v. Hill II*, No. 2001 FEL 003729 (D.C. Super. Ct. filed Jun. 18, 2001). Petitioner seeks to vacate or set aside his sentence or void the judgment of the trial court. He alleges that his trial counsel violated various constitutional rights based on ineffective assistance. As a general rule, applicable here, this Court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals.

Furthermore, unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36-7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), including a claim of ineffective assistance of trial counsel. *See Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123–25 (D.D.C. 2011).

Petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his grounds for relief. Thus, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: April 30, 2019